UNITED STATES of America,

v.

**Mohammed Hussein MAZRAWI**
Appellant.

No. 02–3252.

United States Court of Appeals,
Third Circuit.

Argued Dec. 8, 2003.

Decided Jan. 15, 2004.

Chetema Lucas, (Argued), Natalie Nelson Tang How, Christiansted, St. Croix, USVI, Carl F. Morey, (Argued), Office of the United States Attorney, Christiansted, St. Croix, USVI, for Appellee.

Before NYGAARD, BECKER, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Mohammed Hussein Mazrawi claims that the District Court abused its discretion by denying his motion for a new trial. He argues that the District Court erred by admitting a prior consistent statement. We will affirm.

Mazrawi was convicted of three counts related to a conspiracy to burn a home and collect the insurance proceeds. During his trial, the owner of the home, Sharon Loopeker, was a witness for the government. On direct examination, Loopeker admitted that she and Mazrawi conspired to have him destroy her home and share in the insurance proceeds.

Mazrawi attempted to impeach Loopeker's testimony by questioning her regarding three previous statements she made that were either implicitly or explicitly inconsistent with her trial testimony. Two of these prior statements were made to an attorney, Lee Rohn. In one of these, Loopeker stated that Mazrawi did not burn her house and should be able to sue her and collect adequate insurance compensation for the suffering he endured as a result of being present in the house during the fire. In the second statement, Loo-

peker allegedly indicated to Attorney Rohn that she was concerned Mazrawi would not be treated fairly by her insurance company because he was of Arab descent. The third area of impeachment dealt with Loopeker's October 31, 2000 grand jury testimony. Mazrawi's questioning of Loopeker regarding this testimony implied that she did not tell the grand jury that Mazrawi was involved in the burning of her house.

In response to this line of questioning, the government presented, over Mazrawi's objection, a prior consistent statement that Loopeker gave to the FBI on February 2, 2000 in which she identified Mazrawi as the arsonist. Mazrawi argues that the District Court erred by admitting this statement.

A witness's prior out-of-court statement is not hearsay if "the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is ... consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." Fed.R.Evid. 801(d)(1) ("Rule 801(d)(1)"). The Supreme Court has held that, consistent with common law rules regarding prior consistent statements, a statement only qualifies as admissible non-hearsay if it was made "before the charged recent fabrication or improper influence or motive." *Tome v. United States,* 513 U.S. 150, 167, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). Mazrawi argues that Loopeker's February 2, 2000 statement to the FBI does not satisfy this timing requirement. Specifically, he argues that Loopeker's February 2, 2000 statement to the FBI did not occur before an alleged improper motive influenced that statement. This argument fails based on Mazrawi's own questioning of Loopeker at trial.

Mazrawi alleges that Loopeker's statement to the FBI was influenced by an improper motive. This motive, according to Mazrawi, was that Loopeker wanted to avoid prosecution for her part in the burning of her home. Mazrawi has offered no independent proof that this motive existed. Instead, he makes the quite novel argument that it is logical to assume that a person in Loopeker's position would lie to the FBI when questioned about the fire. As an initial matter, we are unwilling to assume that anyone who is being questioned by the FBI has an automatic motive to be untruthful. Moreover, in her February 2, 2000 statement to the FBI, Loopeker stated that she "ha[d] not been coerced or threatened or made any promises whatsoever by the FBI or by the United States Attorney's Office." App. at C. This statement weighs against Mazrawi's argument that her statement was premised on a motive to avoid prosecution.

Additionally, not only is the existence of this alleged improper motive unsupported by any evidence, it is inconsistent with Mazrawi's own questioning of Loopeker. At trial, Mazrawi cross-examined Loopeker with three statements. Two of these statements were made by Loopeker to Attorney Rohn and pre-dated her statement to the FBI. The third statement, however, was Loopeker's testimony before the grand jury. In his questioning of Loopeker regarding this testimony, Mazrawi indicated that Loopeker never told the grand jury that Mazrawi was involved in the burning of her home.

Q. [counsel for Mazrawi] Isn't it a fact that you never told the jury—the Grand Jury that [Defendant] burnt the house with you?

A. [Loopeker] I don't recall being asked that direct question.

\*      \*      \*      \*      \*      \*

Q. [counsel for Mazrawi] Isn't it the truth that you never told them [the grand jury] that you and him planned this burning of the building together?

A. [Loopeker] I don't recall if the question was asked to me or not. If you could show me.

App. at 33–34. The clear implication of these questions is that Loopeker's testimony before the grand jury did not identify Mazrawi as a participant in the conspiracy and, therefore, that testimony is inconsistent with her trial testimony. But this entirely satisfies the command of Rule 801(d)(1): The testimony elicited by Mazrawi supported an inference that Loopeker was truthful at an earlier time (before the grand jury), but untruthful later (presently on the stand). Necessarily, the "fabrication" occurred (or the "improper influence or motive" arose) in the intervening period. But if that is so, then Loopeker's statement to the FBI necessarily predates the fabrication or influence, as required by *Tome*. Thus we conclude that the District Court did not err by admitting Loopeker's February 2, 2000 statement.

Even if the District Court had erred in admitting Loopeker's prior consistent statement, that error would have been harmless. The evidence at trial showed that Loopeker's house was destroyed by an intentionally set fire. Loopeker testified that Mazrawi agreed to burn her house and share in the insurance proceeds. Mazrawi admitted to being present in the house when the fire started and his fingerprints were on soft-drink bottles containing gasoline that were used to start the fire. Given this evidence, "it is highly probable that [Loopeker's prior consistent statement] did not contribute to the jury's judgment of conviction." *United States v. Casoni*, 950 F.2d 893, 917 (3d Cir.1991) (quoting *Government of the Virgin Islands*

*v. Toto*, 529 F.2d 278, 284 (3d Cir.1976)). Therefore, even if admitting Loopeker's prior consistent statement was error, it was harmless and does not require reversal.

For the foregoing reasons, we will affirm the District Court's denial of Mazrawi's motion for a new trial.